**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL MALLO MALUBAG,**<br>*Plaintiff*<br><br>**v.**<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:25-cv-00808-RP-DH** |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Daniel Mallo Malubag's opening brief, Dkt. 9, Defendant Commissioner of Social Security's brief in support of the Commissioner's decision, Dkt. 13, and Malubag's reply brief, Dkt. 14. After reviewing the briefs, the administrative record, and the relevant law, the undersigned recommends that the District Judge vacate the decision of the Social Security Commissioner and remand the case.

## I. BACKGROUND

Malubag filed an application for a period of disability and disability insurance benefits (SSDI) on July 17, 2023, alleging disability beginning April 30, 2023, due to physical and psychiatric conditions. Dkt. 5-3, at 2. His claimed impairments include posttraumatic stress disorder ("PTSD"), major depressive disorder, obstructive sleep apnea, migraine headaches, carpal tunnel syndrome, and other physical conditions.

Dkt. 5-2, at 24. Malubag is a United States Army veteran who was honorably discharged and retired on April 30, 2023. Dkt. 5-6, at 118.

The agency denied Malubag's claim initially, and upon reconsideration. Dkt. 5-2, at 21. Malubag timely requested a hearing, and the Administrative Law Judge ("ALJ") held a telephone hearing on June 20, 2024. *Id.* At the close of the hearing, the ALJ stated that he was stopping the proceedings to review additional military service records, and that he would "schedule a supplemental hearing after that." Dkt. 5-2, at 69. No supplemental hearing was held. The ALJ issued an unfavorable decision. Dkt. 5, at 29.

The ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Malubag had not engaged in substantial gainful activity since the alleged onset date of April 30, 2023. Dkt. 5, at 23. At step two, the ALJ found that Malubag had numerous medically determinable impairments, but that none of them, individually or in combination, rose to the level of a "severe" impairment under the regulations. *Id.* Because the ALJ found no severe impairment at step two, he terminated the sequential analysis there and concluded that Malubag was not disabled within the meaning of the Social Security Act from April 30, 2023, through the date of the decision. Dkt. 5-2, at 30. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Dkt. 5-2, at 7-10. Malubag timely filed this civil action pursuant to 42 U.S.C. § 405(g). Dkt. 5-2, at 2.[1]

---

[1] The Appeals Council denied review on December 10, 2024, which would ordinarily have required Malubag to file a civil action within 60 days of receipt of that notice. *See* 20 C.F.R.

Malubag raises three arguments in support of remand: (1) the ALJ failed to apply the correct legal standard when evaluating the severity of his impairments; (2) the ALJ failed to adequately support his assessment of the prior administrative medical findings of the state agency psychological consultants; and (3) the ALJ failed to properly consider Malubag's activities and treatment history in accordance with Social Security Ruling 16-3p. Dkt. 9, at 6.

## II. STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled) the Social Security Commissioner uses a five-step analysis:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017).

---

§ 422.210(c). The Appeals Council subsequently granted Malubag's request for an extension of time, extending the filing deadline by 30 days from receipt of the extension letter dated May 1, 2025. Dkt. 5-2, at 2. Malubag filed this action on May 28, 2025. Dkt. 1.

A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden … shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted). Congress has limited judicial review of the Commissioner's final decision under the Social Security Act to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner correctly applied the relevant legal standards. 42 U.S.C. § 405(g); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

## III. ANALYSIS

Malubag challenges the ALJ's step-two determination that he had no severe impairment, or combination of severe impairments, such that he is not considered disabled under Social Security Ruling ("SSR") 85-28.[2] Under SSA regulations, an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a); *see also* 20 C.F.R.

[2] In relevant part, SSR 85-28 states that "[a]n impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work[.]" SSR 85-28, 1985 WL 56856 (1985).

§ 404.1520(c).[3] However, "the Fifth Circuit has stated and reaffirmed its view that the regulatory definition of 'severe impairment' is inconsistent with how the Social Security Act defines disability." *Cardona v. Kijakazi*, No. EP-21-CV-00142-DCG, 2022 WL 16953665, at *3 (W.D. Tex. Nov. 14, 2022) (collecting cases). Instead, the Fifth Circuit defines "an impairment … as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (internal brackets and citations omitted). While it is a claimant's burden to establish severe impairment, he need only make a de minimis showing of severe impairment to meet this burden. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992)). Stated positively, "an impairment is severe if it is anything more than a 'slight abnormality' that 'would not be expected to interfere' with a claimant's ability to work." *Salmond*, 892 F.3d at 817.

Here, Malubag argues that the ALJ's step-two determination is legally infirm because it runs afoul of Fifth Circuit precedent requiring that an ALJ only find a claimant's impairments "not severe" if they present a "slight abnormality" that has

[3] "If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled." 20 C.F.R. § 404.1520(c). "Basic work activities" include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [c]apacities for seeing, hearing, and speaking; [u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b) (internal numbering omitted).

only a "minimal effect" on the claimant's ability to work. Dkt. 9, at 8-9; *Stone*, 752 F.2d at 1101. The Commissioner responds that substantial evidence supports the ALJ's determination, pointing to the ALJ's mention of SSR 85-28[4] to suggest that the correct legal standard was applied. Dkt. 13, at 4-6.

While the ALJ referenced SSR 85-28 and the "minimal effects" standard in the applicable law section of the decision, he then proceeded to invoke the SSA regulation's "significantly limits" standard throughout his analysis of Malubag's impairments. Dkt. 5-2 at, 24-30. Throughout the findings section of the decision, the ALJ evaluated each of Malubag's impairments by invoking the regulatory "significantly limits" standard that *Stone* repudiated, repeating the same formula no fewer than seven times: "A medically determinable impairment is 'severe' if it significantly limits an individual's physical or mental ability to do 'basic work activities' (20 CFR 404.1522(a))." Dkt. 5-2, at 26-27. And in the final conclusion of the decision, the ALJ stated: "[T]he claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment or combination of impairments." *Id.* at 30.

"[W]hat matters is the application of the standard," not the talismanic recitation of the proper standard, and here the ALJ's opinion reveals that he relied on the incorrect standard in finding Malubag's impairments not to be severe.

[4] The Fifth Circuit has held that "[t]hough the precise wording differs, *Stone* and SSR 85-28 are not substantially different enough to warrant a finding of error." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

*Cardona*, 2022 WL 16953665, at *4 ("Citing the standard, however, is also not 'magic words.' What matters is the application of the standard."); *see also Cavazos v. Comm'r of Soc. Sec.*, No. 4:22-CV-01347, 2023 WL 6393884, at *3 (S.D. Tex. Sep. 29, 2023) (finding error where "the ALJ cited to both proper and improper severity standards" but "consistently comes back to the 'significantly limits' standard throughout the decision and makes unmistakably clear that it is the standard against which the ALJ weighed the evidence."). The Commissioner's argument that the ALJ's "no limitation" findings for each individual impairment demonstrate application of a standard even more protective than *Stone* is not persuasive. Dkt. 13, at 5-6. Where an ALJ frames each impairment-by-impairment inquiry using the "significantly limits" threshold and then caps the analysis with a conclusion expressly grounded in that standard, the individual "no limitation" findings do not cure the error. *See* Dkt. 5-2, at 30; *Cardona*, 2022 WL 16953665, at *5. Had the ALJ applied the correct, and less demanding, standard to Malubag's claimed impairments, he may have come to a different severity determination—especially given that Malubag only had to make a de minimis showing of severe impairment to proceed past this step in the analysis.

Yet because the ALJ did not proceed past the step-two analysis in this case, the undersigned does not have occasion to assess whether the ALJ's failure to apply the correct legal standard was a harmless error. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) ("Even if we were to conclude that the ALJ failed to properly apply the *Stone* standard, such a conclusion does not require an automatic reversal—if the ALJ proceeds past step two, we consider whether the error was harmless."); *Cardona*, 2022

WL 16953665 at, *5 ("[T]he Court can't decide in this case whether the ALJ's failure to apply the proper legal standard is harmless error because the ALJ did not proceed past step two."); *Cavazos*, 2023 WL 6393884, at *4 ("The Court need not opine on whether there is sufficient evidence to support a conclusion that is based on an incorrect, heightened standard, especially here where the analysis did not proceed beyond step two."). The undersigned recommends that the District Judge remand this case for further consideration of Malubag's impairments utilizing the "minimal effects" standard applied in the Fifth Circuit and set forth in SSR 85-28. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986) ("[W]e must remand the case to the Secretary for reconsideration of the facts and any further evidence in light of the slight abnormality standard which we have stated over and over.").

* * *

Because the undersigned recommends that the District Judge remand this case based on the foregoing analysis, the undersigned does not reach Malubag's other bases for remand. *See Lindsey v. Astrue*, No. 3:09-CV-1649, 2011 WL 817173, at *11 (N.D. Tex. Mar. 9, 2011) (declining to reach plaintiff's other arguments after finding that reversal and remand was warranted on plaintiff's first ground for appeal).

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **REMAND** this cause of action for further administrative proceedings consistent with this opinion.

The referral of this case to the undersigned should now be canceled.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 22, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE